IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| LIZZA FRANCES R.,[1] <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Civil No. 23-4371 (RMB) <br><br> OPINION |

**APPEARANCES:**

Adrienne F. Jarvis, Esq.
800 North Kings Highway, Suite 304
Cherry Hill, New Jersey 08034

    *On behalf of Plaintiff*

Roxanne Andrews, Esq.
Social Security Administration
Office of Program Litigation, Office 3
Office of the General Counsel
6401 Security Boulevard
Baltimore, Maryland 21235

    *On behalf of Defendant*

---

[1] Due to the significant amount of personal information and privacy concerns in Social Security cases, non-governmental parties are identified solely by first name and last initial. *See* D.N.J. Standing Order 2021-10.

**RENÉE MARIE BUMB, Chief United States District Judge**:

This matter comes before the Court upon an appeal filed by Plaintiff Lizza Frances R. ("Plaintiff") seeking judicial review of a final determination of the Commissioner of the Social Security Administration (the "Commissioner" and the "SSA," respectively) denying her applications for Social Security Disability Insurance ("SSDI") and Supplemental Security Income ("SSI"). The Commissioner has also filed a Contested Motion to Remand (the "Motion") [Docket No. 12], which Plaintiff opposes in part. For the reasons set forth below, the Court shall **GRANT** the Commissioner's Motion to Remand, **VACATE** the decision of the Administrative Law Judge (the "ALJ"), and **REMAND** for proceedings consistent with this Opinion's reasoning.

I.      BACKGROUND

The Court recites herein only the facts that are necessary to its determination. Plaintiff applied for SSDI on September 17, 2018, and for SSI on June 25, 2021, under Titles II and XVI of the Social Security Act (the "Act"), based on the following asserted impairments: depression, anxiety, post-traumatic stress disorder, and obsessive compulsive disorder, alleging an onset date of disability of March 1, 2015, on which date she was 41 years old. [Administrative Record ("R.") at 13, 236, 280, Docket No. 4.] Plaintiff met the insured status requirements of the Act through December 31, 2020, meaning that she must establish disability on or before that date to be entitled to disability insurance benefits. [R. at 276.]

Plaintiff's application was first denied on March 6, 2019, and again denied upon reconsideration on June 13, 2019. [R. at 124, 133.] On July 3, 2019, Plaintiff filed a written request for a hearing before an ALJ. [R. at 136-37.] That hearing took place telephonically on December 7, 2021, before ALJ Karen Shelton, who ultimately issued a decision on June 13, 2022. [R. at 13-30.] The ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform sedentary work as defined in 20 C.F.R. §§ 404.1567(a) and 416.967(a), "except she can occasionally reach overhead and frequently reach in all other directions." [R. at 19.] The ALJ went on to find that Plaintiff was "able to understand, remember, and carry out simple, routine and repetitive tasks; in a routine work environment with few changes, and can make simple work decisions, doing work that is goal oriented rather than involving strict quota oriented. She can work for 2 hours before needing a standard 15-minute break. She can have occasional contact with supervisors and coworkers, and no contact with the public." [R. at 19.] Finally, the ALJ found that Plaintiff was not disabled under the Act because she could perform other work that existed in significant numbers in the national economy and denied her application for benefits. [R. at 28-29.]

The Appeals Council denied Plaintiff's request for review. [R. at 1.] The ALJ's decision thus became final. *See Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 359 (3d Cir. 2011). Accordingly, on August 11, 2023, Plaintiff timely sought this Court's review pursuant to 42 U.S.C. § 405(g). [Complaint, Docket No. 1.]

On appeal, Plaintiff requests that the Court remand the case with instructions to award benefits or, in the alternative, remand the case for further proceedings and

3

instructions to reassess (1) the opinions of Plaintiff's certified trauma counselor Ms. Tabatha Scheffler, (2) Plaintiff's RFC, (3) Plaintiff's subjective complaints, (4) to obtain new vocational expert testimony and determine whether there is other work in the national economy that she could perform, and (5) issue a new decision based upon substantial evidence and proper legal standards. [Plaintiff's Brief ("Br."), Docket No. 7, at 40.]

The Commissioner filed a Contested Motion to Remand on June 10, 2024. In the Motion, the Commissioner agrees that additional evaluation of Plaintiff's claim is warranted to determine whether she is disabled under the Act. [Commissioner's Brief in support of Motion ("Comm. Br.") at 1-2, Docket No. 12-1.] Specifically, the Commissioner concedes that on remand, the Appeals Council must direct the ALJ to (1) further assess Plaintiff's RFC; (2) properly evaluate the medical opinion evidence – including that from Plaintiff's counselor, Ms. Scheffler; (3) further consider Plaintiff's subjective symptoms; (4) determine whether there is any work in the national economy that Plaintiff can perform and articulate the resolution of any conflicts between vocational expert testimony and the Dictionary of Occupational Titles (the "DOT"); and finally (5) offer Plaintiff the opportunity for a hearing, "if warranted, obtain vocational expert testimony," and issue a new decision. [*Id.*]

Plaintiff filed her response to the Motion on July 1, 2024 ("Pl. Resp."). [Docket No. 13.] Plaintiff contests the Motion on the narrow question of whether vocational

expert testimony is mandatory on remand rather than at the discretion of the ALJ. [*See generally* Pl. Resp.; Motion at 5.]²

## II.   LEGAL STANDARDS

### A.   Establishing Disability under the Social Security Act

The Act defines "disability" as the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *accord id.* § 1382c(a)(3)(A). "A claimant is considered unable to engage in any substantial activity 'only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy.'" *Plummer v. Apfel*, 186 F.3d 422, 427–28 (3d Cir. 1999) (quoting 42 U.S.C. § 423(d)(2)(A)); *accord* 42 U.S.C. § 1382c(a)(3)(B). The burden of proving disability is on the claimant. *Sanborn v. Comm'r of Soc. Sec.*, 613 F. App'x 171, 174 (3d Cir. 2015) (citing 42 U.S.C. § 423(d)(5)(A); 20 C.F.R. § 404.1512(a)).

---

² Plaintiff appears to have abandoned her request for remand with an award of benefits. *See generally* Pl. Resp.; Pl. Proposed Order [Docket No. 13-1]. Regardless, the Court denies such request. Remand for an award of benefits is a rare occurrence and inappropriate where, as here, "conflicting evidence has not been resolved." *Martin o/b/o N.D.M. v. Kijakazi*, No. 20-CV-01209-RAL, 2021 WL 5987268, at *6 (E.D. Pa. Dec. 16, 2021) (citing *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985)); *see also Leech v. Barnhart*, 111 F. App'x 652, 658–59 (3d Cir. 2004).

To determine whether a claimant is disabled, the SSA, working through the ALJs, follows a now familiar five-step sequential analysis. See 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); *Hess v. Comm'r of Soc. Sec.*, 931 F.3d 198, 201–02 (3d Cir. 2019).[3]  The claimant bears the burden of proof at steps one through four, whereas the SSA bears the burden of proof at step five.  *Hess*, 931 F.3d at 201; *Plummer*, 186 F.3d at 428.

B.     **The District Court's Standard of Review.**

Generally, when reviewing a final decision of an ALJ regarding a claim for disability benefits, a court must uphold the ALJ's factual decisions if they are supported by "substantial evidence." *Hess*, 931 F.3d at 208 n.10; 42 U.S.C. §§ 405(g), 1383(c)(3).  Substantial evidence is "more than a mere scintilla." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019).  "It means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  *Id.* (quoting *Consol. Edison Co. of New York v. NLRB*, 305 U.S. 197, 229 (1938)).  This threshold for evidentiary sufficiency is "not high."  *Id.*

In addition to the "substantial evidence" inquiry, the court must also ensure that the ALJ applied the correct legal standards.  *See Sykes v. Apfel*, 228 F.3d 259, 262 (3d Cir. 2000).  The Court's review of legal issues is plenary.  *Hess*, 931 F.3d at 208 n.10 (citing *Chandler*, 667 F.3d at 359).

---

[3] In light of the narrow issue currently before the Court, the Court does not set forth this five-step analysis in detail.

6

A district court may affirm, modify, or reverse the decision of the Commissioner, with or without remanding the case for a rehearing. 42 U.S.C. § 405(g); *Podedworny*, 745 F.2d at 221. When a case is remanded, the Appeals Council, on behalf of the Commissioner, may assume responsibility for a decision, dismiss the proceedings, or remand the case to an ALJ with instructions to issue a decision or return the case to the Appeals Council with a recommended decision. 20 C.F.R. § 404.983.

The SSA's Hearings, Appeals, and Litigation Law Manual ("HALLEX") provides that "[i]f the Appeals Council (AC) remands a case to the hearing level after a court remand, it generally vacates the entire administrative law judge (ALJ) decision, and the ALJ must consider all pertinent issues *de novo*." HALLEX § I-2-8-18. Courts may, in certain instances, remand for reconsideration of particular steps in the disability determination when there is no showing that a ruling on a prior step was erroneous. *Gomez v. Comm'r of Soc. Sec.*, No. CIV 08-4499(DRD), 2009 WL 2222797, at *7 (D.N.J. July 22, 2009). On appeal, the ALJ must "take any action that is ordered by the Appeals Council and may take any additional action that is not inconsistent with the Appeals Council remand order." 20 C.F.R. § 404.977(b). When an ALJ or administrative appeal judge issues a decision following remand by a federal court for further consideration, such decision will become the final decision of the Commissioner. *Id.* § 404.984. Disagreements with the hearing decision issued pursuant to 20 C.F.R. § 404.983(c) may be appealed to the Appeals Council. *Id.*

### III. DISCUSSION

Both Plaintiff and the Commissioner agree that remand for further proceedings is appropriate so that an ALJ may further assess Plaintiff's RFC; the medical opinion evidence, including that of Plaintiff's trauma counselor; Plaintiff's subjective symptoms; and the Step Five determination, properly resolving any apparent conflicts between vocational expert testimony and the DOT. The parties' *only* dispute is whether vocational testimony should be mandated or merely permitted on remand.

To be clear, the Commissioner by no means seeks to preclude the use of vocational expert testimony on remand. Rather, the Commissioner submits that whether to hear vocational expert testimony is at the discretion of the ALJ on remand. [Comm. Br. at 4.] While it is likely that the ALJ on remand will in fact hear vocational expert testimony, the Commissioner is correct that the determination is left to the ALJ's discretion within certain limits set by regulations and case law. *See* 20 C.F.R. § 404.1566(e) ("…we may use the services of a vocational expert or other specialist. We will decide whether to use a vocational expert or other specialist."); *see also* AR 01-1(3) (S.S.A. Jan. 25, 2001) (setting forth requirement adopted in *Sykes*, 228 F.3d at 273, that the Commissioner must rely on "vocational evidence such as from a vocational expert, the DOT or *other similar evidence* (such as a learned treatise)" to carry his burden at Step Five where claimant has exertional and nonexertional impairments)

(emphasis added). Plaintiff's objections to the scope of the Commissioner's consent to remand are rejected.[4] Accordingly, the Court will grant the Motion to Remand.

Despite the Commissioner's consent to remand, Plaintiff continues to argue the merits of her appeal in her responsive brief. But the Court need not resolve the merits of her arguments at this time. Consistent with other courts that have addressed contested motions to remand and in the interests of judicial efficiency, the Court has not conducted a full review of the record as the Court's review of the ALJ's decision here is limited. *See, e.g.*, *Waggoner v. Kijakazi*, No. 4:21-CV-03220-TER, 2022 WL 1423325, at *3 (D.S.C. May 5, 2022); *Yolyemal H. v. Comm. of Soc. Sec.*, No. CV 20-19755 (RMB), 2022 WL 901466, at *4 (D.N.J. Mar. 28, 2022); *Wilfredo M. v. Comm'r of Soc. Sec.*, No. CV 20-07212 (RBK), 2021 WL 5770260, at *4 (D.N.J. Dec. 6, 2021); *Rockriver v. Colvin*, No. 1:15CV811, 2016 WL 5957567, at *1 (M.D.N.C. Oct. 12, 2016). Simply put, the Court will not "referee the scope of a voluntary remand." *Wilfredo*, 2021 WL 5770260, at *3. Nor will it expend its limited judicial resources in addressing Plaintiff's substantive arguments where both parties agree to remand. *Waggoner*, 2022 WL 1423325, at *2 ("It would be a waste of judicial resources for a court to consider substantive arguments where both parties were seeking

---

[4] Plaintiff also urges the Court to mandate vocational expert testimony "to prevent the ALJ on remand from recycling the prior defective vocational-expert testimony, something that ALJs unfortunately do too often." [Pl. Resp. at 2.] The Court does not condone this speculative generalization and will not mandate vocational expert testimony on remand on this basis. ALJs, like this Court, are expected to follow the law and faithfully apply it to the facts of each case to the best of their ability. There is no reason to think the ALJ on remand will not do so.

remand.").[5]  The Court's role at this juncture is "to ensure that all of the purported errors in the ALJ's decision are adequately addressed on remand without delving into the merits of Plaintiff's claims." *Wilfredo*, 2021 WL 5770260, at *3.

The Court finds that remand will offer a sufficient opportunity for further consideration of all issues raised by Plaintiff. *See Yolyemal*, 2022 WL 901466, at *4. These issues are pertinent to Plaintiff's eligibility for benefits and, thus, subject to *de novo* review per HALLEX § I-2-8-18.  Indeed, the Commissioner has already consented to review of these issues. [Comm. Br. at 1-2 (listing issues that Appeals Council will direct the ALJ to consider on remand, which cover each of the issues Plaintiff has raised in her appeal)]. The Commissioner will be held to this concession. *See Yolyemal*, 2022 WL 901466, at *4 ("On remand, Plaintiff will be permitted to raise both issues that he raised in this appeal; and the Commissioner would be estopped to object to Plaintiff raising such issues, for sure.").[6]  And should she receive an

---

[5] The Court wishes to be crystal clear: this does not mean that the Court or the Commissioner view consideration of Plaintiff's positions to be a waste of time, as Plaintiff improperly alleges. The Commissioner's brief does not suggest this, contrary to Plaintiff's unwarranted accusation. [*See* Pl. Resp. at 2.] Plaintiff's disparaging comments about the Commissioner are truly surprising and definitely inappropriate. The Court hopes that this is the end of these types of remarks. In any event, no party before this Court is entitled summary approval of whatever they propose over the objection of their adversary. The Court carefully considers the parties' positions, the law, and the facts to reach the appropriate determination in each of the cases before it.

[6] To the extent Plaintiff seeks remand for reconsideration of Step Five only, such a limited remand is not appropriate here. Reevaluation of the medical opinion evidence, Plaintiff's subjective symptoms, and Plaintiff's RFC – all which Plaintiff seeks – may implicate prior steps in the ALJ's analysis, making *de novo* review on remand proper.

unfavorable decision on remand, Plaintiff may follow the established procedures for appeal. *See* 20 C.F.R. § 404.984.

## IV. CONCLUSION

For the reasons expressed above, the Commissioner's Contested Motion to Remand is **GRANTED**. The ALJ's decision is **VACATED**, and the case is **REMANDED** for further administrative proceedings consistent with this Opinion, including but not limited to instructions for the Appeals Council to direct the ALJ to:

(1) further assess Plaintiff's RFC;

(2) evaluate the medical opinion evidence in accordance with 20 C.F.R. §§ 404.1520c, 416.920c, including that from Plaintiff's certified trauma counselor, Tabatha Scheffler;

(3) further consider Plaintiff's symptom allegations consistent with SSR 16-3p;

(4) reevaluate the Step Five determination and identify, resolve, and articulate the resolution of any apparent conflicts between the vocational expert's testimony and the DOT in accordance with SSR 00-4p, including related to overhead reaching; and

(5) offer Plaintiff the opportunity for a hearing; if warranted, obtain vocational expert testimony; take any further action to complete the administrative record; and issue a new decision.

An accompanying Order shall issue on this date.

s/Renée Marie Bumb
RENÉE MARIE BUMB
Chief United States District Judge

Dated: October 22, 2024